IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSAY C. SPILSBURY,

    Plaintiff,

v.                                                                                                   No. 2:24-cv-01043-DHU-JHR

VERA DEMCHOK and
U.S. DEPARTMENT OF EDUCATION,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." *See* Doc. 1, filed October 15, 2024 ("Complaint").

Plaintiff alleges:

> [Defendant] Demchok et al has a federal student loan in my name with the U.S. Department of Education. . . U.S. Department of Education is arguing about my identity and shutting the account down and is threatening me w/ federal regulations. Vera Demchok [and others] have used my identity in a federal crime of forgery and have Demchok et al's headset connected to my head. They are arguing about removing the headset and closing the accounts down. Vera Demchok is dangerous and so is the company they are murdering people.

Complaint at 2-3.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff:

> The Complaint fails to state claims pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations that Defendant Demchok and Defendant U.S. Department of Education were acting under color of state law. There are also no allegations that Defendants deprived Plaintiff of a federally protected right. Furthermore, construing Plaintiff's Section 1983 claim against the U.S. Department of Education as a *Bivens* claim, the Complaint fails to state a claim because a "*Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *Ashcroft v.*

>*Iqbal*, 556 U.S. 662, 675-76 (stating that *Bivens* actions are the "federal analog" to § 1983 actions).

Order to Show Cause at 2-3, Doc. 5, filed October 31, 2024.

Plaintiff's vague allegations that Defendant Demchok has a federal student loan in Plaintiff's name and is living in Plaintiff's room, and that Defendant Department of Education is arguing about Plaintiff's identity, shutting an account down and threatening Plaintiff with federal regulations, are not sufficient to state a claim. *See* Complaint at 2-3; *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Furthermore, Plaintiff has not shown that the Court has subject-matter jurisdiction over her claims against the United States Department of Education. *See High Lonesome Ranch, LLC v. Bd. Of County Comm'rs for the County of Garfield*, 61 F.4th 1225, 1237 (10th Cir. 2023) ("The United States is immune from suit unless Congress has expressly waived its sovereign immunity") (citing *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 280 (1983)); *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). The Complaint fails to state a claim for the "federal crime of forgery" because "criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003) (citing *Diamond v. Charles,* 476 U.S. 54, 64–65 (1986) (holding that private citizens cannot compel enforcement of criminal law)). Portions of the Complaint are incoherent. *See* Complaint at 4-6 (listing phone numbers, account numbers, and eight-digit "ongoing call" numbers; identifying other persons and entities without describing what they did to Plaintiff).

Judge Ritter ordered Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim and to file an amended complaint. *See* Order to Show Cause at 4 (notifying Plaintiff that the amended complaint must state with particularity what each defendant did to Plaintiff, when each Defendant did it, and what specific legal right Plaintiff believes each Defendant violated, and that failure to timely show cause and file an amended complaint may result in dismissal of this case). Plaintiff did not show cause or file an amended complaint by the November 21, 2024, deadline.

The Court dismisses this case because: (i) the Complaint fails to state a claim upon which relief can be granted; (ii) Plaintiff did not show cause why the Court should not dismiss this case; and (iii) Plaintiff did not timely file an amended complaint.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE